UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON DAVID GONZALEZ GARCIA,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2927

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a new bond hearing. (Pet., ECF No. 1, PageID.9.)

In an order entered on October 16, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the August 18, 2026, bond hearing on October 19, 2026. (Resp., ECF No. 6; Recording of Aug. 18, 2026, Bond Hearing, filed on Oct. 19, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States in 2023. Op., *Gonzalez Garcia v. Unknown Party #1 (Gonzalez Garcia I)*, No. 1:26-cv-2195 (W.D. Mich. Aug. 12, 2026) (ECF No. 7). On March 12, 2026, ICE agents arrested Petitioner. *Id.*

On July 29, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Gonzalez Garcia I*. In *Gonzalez Garcia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Gonzalez Garcia I*, (W.D. Mich. Aug. 12, 2026) (ECF Nos. 7, 8).

On August 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Gonzalez Garcia I*, (W.D. Mich. Aug. 20, 2026) (ECF No. 9-1). At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "The government has shown [Petitioner] is a flight risk by clear and convincing evidence." *Id.*

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge incorrectly found that Petitioner is a flight risk at Petitioner's § 1226(a) bond hearing on August 18, 2026. (Pet., ECF No. 1, PageID.7.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 6, PageID.56.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration

judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention is generally unlawful, Petitioner's specific claims involve challenges to the Immigration Judge's factual determinations in the bond decision. Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[1] Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. There is no indication in the record before this Court that Petitioner appealed the Detroit Immigration Court's denial of bond

[1] To the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

to the BIA. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

Under these circumstances, the Court will dismiss Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 29, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge